# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUETTS

| | |
|---|---|
| FRED MCCLURE, Derivatively on Behalf of RUSSELL COMMODITY STRATEGIES FUND, RUSSELL EMERGING MARKETS FUND, RUSSELL GLOBAL EQUITY FUND, RUSSELL GLOBAL INFRASTRUCTURE FUND, RUSSELL GLOBAL OPPORTUNISTIC CREDIT FUND, RUSSELL INTERNATIONAL DEVELOPED MARKETS FUND, RUSSELL MULTI-STRATEGY ALTERNATIVE FUND, RUSSELL STRATEGIC BOND FUND, RUSSELL U.S. SMALL CAP EQUITY FUND and RUSSELL GLOBAL REAL ESTATE SECURITIES FUND,<br><br>     Plaintiff,<br><br>vs.<br><br>RUSSELL INVESTMENT MANAGEMENT COMPANY,<br><br>     Defendant. | Civil Action No. 1:13-cv-12631<br><br><br>Document Filed Electronically |

## ANSWER TO PLAINTIFF'S COMPLAINT

O'Connor Carnathan & Mack LLC
   Sean T. Carnathan
   Sharleen Davis
One Van de Graaf Drive, Suite 104
Burlington, MA 01803
(781) 359-9000 (Phone)
(781) 359-9001 (Fax)

Milbank, Tweed, Hadley & McCloy LLP
   James N. Benedict (*pro hac vice*)
   Sean M. Murphy (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000 (Phone)
(212) 530-5219 (Fax)

*Attorneys for Defendant*

## ANSWER TO COMPLAINT

Defendant Russell Investment Management Company ("RIMCo" or the "Defendant"), by and through their undersigned attorneys, hereby answer Plaintiff's Complaint (the "Complaint") as set forth below.  Except as specifically admitted, Defendant denies the allegations of the Complaint.

1. Defendant admits that Plaintiff purports to bring this action on behalf of the Russell Funds (as defined in the Complaint) pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), but denies that Plaintiff has any claim under that section and otherwise denies the allegations in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint, except admits that RIMCo serves as the investment advisor to the Russell Funds and that, in fiscal year 2012, RIMCo was paid approximately $164 million in advisory fees from the Russell Funds and paid the Russell Funds' Money Managers approximately $57 million for certain services provided pursuant to contracts between RIMCo and the Money Managers.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff purports to bring this action on behalf of the Russell Funds pursuant to Section 36(b) of the ICA and purports to seek the damages and relief set forth in Paragraph 4, but denies that Plaintiff has any claim under Section 36(b) of the ICA or is entitled to any damages or relief, and otherwise denies the allegations in Paragraph 4 of the Complaint.

5. Defendant neither admits nor denies the allegations in Paragraph 5 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant neither admits nor denies the allegations in Paragraph 6 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 6 of the Complaint, except admits that Russell Investment Company ("RIC") is a Massachusetts business trust and a registered open-end management investment company, and is comprised of, among other funds, the Russell Funds.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and on that basis denies the allegations.

8.      Defendant admits that Commodity Strategies is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had net assets of approximately $1.3 billion and share classes of A, C, E, S, and Y, but otherwise denies the allegations in Paragraph 8 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

9.      Defendant admits that Emerging Markets is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had net assets of approximately $2.1 billion and share classes of A, C, E, S, and Y, but otherwise denies the allegations in Paragraph 9 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

10.      Defendant admits that Global Equity is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had net assets of approximately $3.0 billion and share classes of A, C, E, S, and Y, but otherwise denies the allegations in Paragraph 10 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

11.     Defendant admits that Global Infrastructure is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had net assets of approximately $1.0 billion and share classes of A, C, E, S, and Y, but otherwise denies the allegations in Paragraph 11 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

12.     Defendant admits that Global Opportunistic Credit is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had net assets of approximately $886 million and share classes of A, C, E, S, and Y, but otherwise denies the allegations in Paragraph 12 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

13.     Defendant admits that International Developed Markets is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had net assets of approximately $4.7 billion and share classes of A, C, E, I, S, and Y, but otherwise denies the allegations in Paragraph 13 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

14.     Defendant admits that Multi-Strategy Alternative is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had net assets of approximately $854 million and share classes of A, C, E, S, and Y, but otherwise denies the allegations in Paragraph 14 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

15.     Defendant admits that Strategic Bond is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had net assets of approximately $8.4 billion and share classes of A, C, E, I, S, and Y, but otherwise

denies the allegations in Paragraph 15 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

16.     Defendant admits that U.S. Small Cap Equity is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had net assets of approximately $1.5 billion and share classes of A, C, E, I, S, and Y, but otherwise denies the allegations in Paragraph 16 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

17.     Defendant admits that Global Real Estate is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of April 30, 2013, had share classes of A, C, E, S, and Y, but otherwise denies the allegations in Paragraph 17 of the Complaint, and respectfully refers the Court to the Fund's Prospectus for the exact investment objectives of the fund.

18.     Defendant admits the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and on that basis denies the allegations.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint, and respectfully refers the Court to the statutes referred to in Paragraph 20 for the full content and context thereof.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint, except admits that the ICA was amended in 1970 to add Section 36(b), and respectfully refers the Court to the statutes referred to in Paragraph 21 for the full content and context thereof.

22.     Defendant neither admits nor denies the allegations in Paragraph 22 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 22 and respectfully refers the Court to the statutes referred to in Paragraph 22 for the full content and context thereof.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint, except admits that RIMCo entered into an Advisory Agreement with RIC on January 1, 1999, and respectfully refers the Court to the Agreement referred to in Paragraph 24 for the full content and context thereof as well as subsequent amendments to that Agreement.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint, including but not limited to the percentages alleged in the column labeled "Percent of Assets Managed" in the chart contained in Paragraph 25, except admits that, as of October 17, 2013, the Money Managers that sub-advised the Commodity Strategies, Emerging Markets, Global Infrastructure, Global Opportunistic Credit, Global Real Estate, Multi-Strategy Alternative, Strategic Bond, and US Small Cap Equity funds are set forth in the chart contained in Paragraph 25, the Money Managers that sub-advised the Global Equity fund were Harris Associates LP, MFS Institutional Advisors Inc., Polaris Capital Management, LLC, Sanders Capital, LLC, and Wellington Management Company, and the Money Managers that sub-advised the International Developed Markets fund were AQR Capital Management LLC, Barrow, Hanley, Mewhinney & Strauss, LLC, del Rey Global Investors, LLC, Driehaus Capital Management LLC, MFS Institutional Advisors Inc., Numeric Investors LLC, Pzena Investment Management LLC, and William Blair & Company, L.L.C., and respectfully refers the Court to the Agreement referred to in Paragraph 25 for the full content and context thereof as well as subsequent amendments to that Agreement.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 26 for the full content and context thereof.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint, except admits that the Russell Funds are overseen by a Board of Trustees, a majority of whom are independent from RIMCo, and respectfully refers the Court to the Statement of Additional Information referred to in Paragraph 27 for the full content and context thereof.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint, except admits that RIMCo, in conjunction with discussions with the Board of Trustees, agreed to waive portions of its advisory fees and admits that, in fiscal year 2012, RIMCo was paid approximately $164 million in advisory fees from the Russell Funds.

29.     Defendant denies the allegations in Paragraph 29, except admits that, in fiscal year 2012, RIMCo was paid approximately $164 million in advisory fees from the Russell Funds and paid the Russell Funds' Money Managers approximately $57 million for certain services provided pursuant to contracts between RIMCo and the Money Managers, and admits that the Money Managers were paid fees in fiscal year 2012 as set forth in the column labeled "Fees Paid to Money Managers" in the chart in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and on that basis denies the allegations.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint, except admits that, as of April 30, 2013, the Russell Funds had net assets of approximately the amounts set forth in the chart in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint, except admits that, as of April 30, 2013, the Russell Funds had net assets of approximately the amounts set forth in the column labeled "Net Assets at April 30, 2013" in the chart in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint, except admits that, in fiscal year 2012, RIMCo was paid approximately $164 million in advisory fees from the Russell Funds.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and on that basis denies the allegations.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant neither admits nor denies the allegations in Paragraph 39 of the Complaint insofar as the allegations constitute conclusions of law concerning the nature and scope of the Trustees' fiduciary duties, and otherwise denies the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40 of the Compliant, except admits that in fiscal year ending October 31, 2012, the eight trustees on the Board of Trustees for RIC set forth in the chart contained in Paragraph 40 received total compensation from RIC and the Russell fund complex in the amounts set forth in said chart, that Sandra Cavanaugh is RIC's President and CEO and a trustee on the Board of Trustees for RIC and is not compensated for her

service as a trustee, that Cheryl Burgermeister joined the Board in September 2012, and that as of October 17, 2013, the Russell fund complex was comprised of fifty-three funds but that one of those funds was liquidated on April 26, 2013, two of those funds were liquidated on October 18, 2013, and two of those funds were registered but not yet launched.

41.     Defendant neither admits nor denies the allegations in Paragraph 41 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint, but admits that each Fund has a Prospectus, regulatory filings, and compliance issues to review and admits that the Russell Funds are governed by the Board of Trustees, and respectfully refers the Court to the referenced Fund Prospectuses and regulatory filings for the full content and context thereof.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint, except admits that Sandra Cavanaugh serves as RIC's President and CEO, as a trustee on the Board, and as a director of RIMCo.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint and respectfully refers the Court to the Annual Report referred to in Paragraph 45 for the full content and context thereof.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and on that basis denies the allegations.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     In response to Paragraph 48, Defendant repeats and realleges the foregoing responses to each and every allegation in Paragraphs 1 to 47 of the Complaint and otherwise incorporates the responses contained above.

49.     Defendant neither admits nor denies the allegations in Paragraph 49 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant admits that Plaintiff purports to bring this action derivatively on behalf of the Russell Funds pursuant to Section 36(b) of the ICA, but denies that Plaintiff has any claim under that section and otherwise denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant admits that Plaintiff purports to seek damages pursuant to Section 36(b)(3) of the ICA, but denies that Plaintiff has any claim under that section or is entitled to damages or any other relief, and otherwise denies the allegations in Paragraph 55.

56.     Defendant neither admits nor denies the allegations in Paragraph 56 of the Complaint insofar as said allegations constitute conclusions of law, admits that Plaintiff purports to seek rescission and restitution but denies that Plaintiff has any claim to such relief, and otherwise denies the allegations in Paragraph 56 of the Complaint.

*   *   *

57.     Defendant denies each and every averment in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

58.     By alleging the Affirmative Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### First Defense

59.     The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

60.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages.

### Third Defense

61.     Defendant did not engage in any conduct which would constitute a breach of fiduciary duty.

### Fourth Defense

62.     Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

### Fifth Defense

63.     Plaintiff has not suffered any losses or damages proximately caused by his investment in the Russell Funds or by any breach of fiduciary duty as set forth in the Complaint.

### Sixth Defense

64.     At the time Plaintiff first became an alleged shareholder of the Russell Funds, he was or should have been aware that an advisory fee equal to or greater than that now in effect had been approved by a majority of the Board of Trustees of the Russell Funds.  Plaintiff was

fully informed of all material facts concerning investing in the Russell Funds, including the level and calculation of RIMCo's compensation, and knowingly entered into the investment.  On this basis, Plaintiff is estopped and precluded from maintaining this action on behalf of the Russell Funds.

Seventh Defense

65.     Defendant acted at all times and in all respects in good faith and with due care.

Eighth Defense

66.     The Independent Trustees of RIC and the Russell Funds received adequate information from Defendant and exercised good faith business judgment in approving the management agreements in effect when Plaintiff allegedly became a shareholder, and in subsequently approving renewals of the management agreements containing the advisory fee currently in effect.

Ninth Defense

67.     Plaintiff lacks standing to bring the claims asserted in the Complaint.

Tenth Defense

68.     To the extent that this action seeks exemplary or punitive damages, any such relief would violate the Defendant's rights to procedural and substantive due process.

Eleventh Defense

69.     Plaintiff is not entitled to a jury trial.  *In re Evangelist*, 760 F.2d 27, 30-31 (1st Cir. 1985); *In re Gartenberg*, 636 F.2d 16, 18 (2d Cir. 1980).

<u>Twelfth Defense</u>

70.     Plaintiff cannot challenge only a portion of the services provided pursuant to the management agreement, as all services should be considered in assessing whether a violation of Section 36(b) has occurred.

<u>Thirteenth Defense</u>

71.     Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

Dated:  January 27, 2014

Respectfully submitted,

O'CONNOR CARNATHAN & MACK LLC

By:     <u>/s/ Sean T. Carnathan</u>
        Sean T. Carnathan (#636889)
        Sharleen Davis (#661601)
        One Van de Graaf Drive, Suite 104
        Burlington, MA 01803
        Tel:  (781) 359-9000
        Fax: (781) 359-9001
        scarnathan@ocmlaw.net
        sdavis@ocmlaw.net

MILBANK, TWEED, HADLEY & MCCLOY LLP

        James N. Benedict (*pro hac vice*)
        Sean M. Murphy (*pro hac vice*)
        1 Chase Manhattan Plaza
        New York, NY  10005
        Tel:  (212) 530-5000
        Fax: (212) 822-5696
        jbenedict@milbank.com
        smurphy@milbank.com

        *Attorneys for Defendant*

12

CERTIFICATE OF SERVICE

I hereby certify that on the date hereof this document was filed through the Court's CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).

*/s/Sean T. Carnathan*
Sean T. Carnathan

4851-3962-6776, v.  1

13