UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRED MCCLURE, Derivatively on Behalf of RUSSELL COMMODITY STRATEGIES FUND, RUSSELL EMERGING MARKETS FUND, RUSSELL GLOBAL EQUITY FUND, RUSSELL GLOBAL INFRASTRUCTURE FUND, RUSSELL GLOBAL OPPORTUNISTIC CREDIT FUND, RUSSELL INTERNATIONAL DEVELOPED MARKETS FUND, RUSSELL MULTI-STRATEGY ALTERNATIVE FUND, RUSSELL STRATEGIC BOND FUND, RUSSELL U.S. SMALL CAP EQUITY FUND, and RUSSELL GLOBAL REAL ESTATE SECURITIES FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:13-cv-12631 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RUSSELL INVESTMENT MANAGEMENT COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

## JOINT STATEMENT

Pursuant to Local Rule 16.1 of the Local Rules of the United States District Court for the District of Massachusetts ("Local Rule"), and Rule 26(f) of the Federal Rules of Civil Procedure ("Federal Rule"), the parties to the above-entitled action submit this Joint Statement in advance of an initial scheduling conference to be set by the Court at its earliest convenience.  Counsel for the parties conferred on February 21, 2014, and discussed the subjects contemplated by Federal Rule 26(f), Local Rule 16.1, and other case management matters as set forth in detail below.

## 1.    Jurisdiction and Venue

Plaintiff Fred McClure ("Plaintiff") alleges that this Court has subject matter jurisdiction over all causes of action asserted in his October 17, 2013 Verified Complaint ("Complaint") pursuant to 15 U.S.C. §80a-43, 15 U.S.C. §80a-35(b)(5), and 28 U.S.C. §1331.  Plaintiff also alleges venue is proper pursuant to 28 U.S.C. §1391 and 15 U.S.C. §80a-43 as Russell Investment Company ("RIC") is a Massachusetts business trust and a substantial part of the events or omissions that give rise to the claims occurred in this District.

Defendant Russell Investment Management Company ("RIMCo" or "Defendant"), takes no position with respect to jurisdiction and venue, neither admitting nor denying Plaintiff's allegations in its January 27, 2014 Answer to Plaintiff's Complaint.

## 2.    Additional Parties to Be Joined

There are no additional parties to be joined at this time.  However, the parties reserve the right to join additional parties in the future as permitted by the Federal Rules of Civil Procedure.

## 3.    Legal Issues

Plaintiff asserts that the existing pleadings raise the following legal issues:

- Whether RIMCo breached its fiduciary duty under section 36(b) of the Investment Company Act of 1940 ("Section 36(b)"), as amended 15 U.S.C. §80a-35(b) by charging the Russell Funds excessive investment management fees.[1]

- Whether, and to what extent, Russell Funds has been damaged as a result of RIMCo's breach of its Section 36(b) duties.

---

[1] "Russell Funds" refers to Russell Commodity Strategies Fund, Russell Emerging Markets Fund, Russell Global Equity Fund, Russell Global Infrastructure Fund, Russell Global Opportunistic Credit Fund, Russell International Developed Markets Fund, Russell Multi-Strategy Alternative Fund, Russell Strategic Bond Fund, Russell U.S. Small Cap Equity Fund, and Russell Global Real Estate Securities Fund.

4.    **Amendment of Pleadings**

The parties do not anticipate amending their respective pleadings at this time.  However, they reserve the right to amend their pleadings in the future as permitted by the Federal Rules of Civil Procedure.

5.    **Discovery Subjects**

Plaintiff asserts that he will need discovery concerning the following subjects: (1) the services provided by Defendant to the Russell Funds; (2) the compensation received by Defendant from the Russell Funds; (3) the negotiation of the Advisory Agreement ("Advisory Agreement") between the Russell Funds and Defendant; (4) comparative fee structures; (5) the duties, responsibilities, and obligations of the Russell Funds' Board of Trustees ("Trustees"), particularly with respect to negotiating and approving the Advisory Agreement and overseeing/evaluating Defendant's performance; (6) the services provided by the Russell Funds' Money Managers ("Money Managers") to the Russell Funds and/or Defendant; (7) the compensation received by the Money Managers from the Russell Funds and/or Defendant; (8) the negotiation of the sub-advisory agreements between the Money Managers and Defendant; (9) the extent to which Defendant realized economies of scale, and passed those economies of scale to investors and/or the Russell Funds; and (10) any potentially conflicting relationships between the Trustees, Defendant, and/or the Money Managers.

Defendant asserts that it will need discovery from Plaintiff regarding the circumstances and details of his investments in the Russell Funds.

Such discovery shall not be conducted in phases.

6.      **Discovery and Dispositive Motion Schedule**

The parties are in the process of preparing initial discovery requests but have not propounded any discovery to date.  After conferring, the parties jointly propose the following discovery and dispositive motion schedule:[2]

(a)     **March 31, 2014:** Deadline for the parties to exchange initial disclosures pursuant to Federal Rule 26(a).

(b)     **June 26, 2014:** Deadline to serve all discovery requests, deposition notices, and/or third-party subpoenas.  This deadline does not apply to expert discovery.

(c)     **June 30, 2014:** Deadline to seek leave to join additional parties and/or amend the pleadings.

(d)     **October 21, 2014:** Deadline to file any discovery motion(s) (i.e., motions to compel or motions for a protective order) with the Court.

(e)     **June 12, 2015:** Deadline to complete all fact discovery absent an order from the Court granting additional time in connection with a timely filed discovery motion.

(f)     **August 13, 2015:** Deadline for Plaintiff to serve expert reports and all previously non-produced materials relied upon in connection with the preparation of such reports.

(g)     **October 13, 2015:** Deadline for Defendant to serve expert reports and all previously non-produced materials relied upon in connection with the preparation of such reports.

(h)     **November 12, 2015:** Deadline for Plaintiff to serve rebuttal expert reports, if any, and all previously non-produced materials relied upon in connection with the preparation of any such reports.

(i)     **February 5, 2016:** Deadline to complete all expert discovery.

(j)     **February 12, 2016:** Deadline for parties to meet and confer regarding the setting of a briefing schedule on any motions for summary judgment.

Within twenty-one (21) days of the Court setting this case for trial the parties further agree to meet and confer regarding any outstanding events, issues, or deadlines that will need to be completed prior to trial and submit a proposed scheduling order to the Court for approval.

---

[2] If any of the proposed deadlines falls on a weekend or Court holiday, such deadline shall be pushed to the following business day unless the parties agree or the Court orders otherwise.

7.      **Fact Discovery**

Unless otherwise agreed upon by the parties or ordered by the Court, the following shall govern fact discovery between the parties:

(a)     Each party will serve a maximum of **twenty-five (25)** written interrogatories, including all discrete subparts, on any other party;

(b)     Each party will serve a maximum of **twenty-five (25)** requests for admission on any other party; and

(c)     Initially, the parties shall be limited to **fifteen (15)** depositions each, not including any expert depositions. Additional depositions may be taken with leave of the Court, and Plaintiff reserves his right to seek additional depositions. Each deposition will be limited to a maximum of **seven (7) hours** on the record.

8.      **Settlement and ADR**

As there has been no discovery at this time, the parties feel settlement discussions are premature. The parties will reassess the merits of engaging in ADR throughout the litigation process.

9.      **Narrowing of Issues**

At this time, the parties have not identified any issues capable of being narrowed by agreement. They will, however, continue to meet and confer in this regard as the case progresses.

10.     **Trial by Magistrate Judge**

The parties do not agree to trial before a magistrate judge.

11.     **Certification Pursuant to Local Rule 16.1**

The undersigned counsel certify that they are conferring with their respective clients pursuant to Local Rule 16.1 and will file the appropriate certifications in a timely manner.

Dated: March 11, 2014                    ROBBINS ARROYO LLP


                                         /s/ Stephen J. Oddo
                                         BRIAN J. ROBBINS
                                         STEPHEN J. ODDO (*pro hac vice*)
                                         EDWARD B. GERARD (*pro hac vice*)
                                         JUSTIN D. RIEGER (*pro hac vice*)

                                         600 B Street, Suite 1900
                                         San Diego, CA 92101
                                         Telephone: (619) 525-3990
                                         Facsimile: (619) 525-3991
                                         brobbins@robbinsarroyo.com
                                         soddo@robbinsarroyo.com
                                         egerard@robbinsarroyo.com
                                         jrieger@robbinsarroyo.com

                                         HUTCHINGS, BARSAMIAN,
                                         MANDELCORN & ZEYTOONIAN, LLP
                                         THEODORE M. HESS-MAHAN
                                         BBO #557109
                                         110 Cedar Street, Suite 250
                                         Wellesley Hills, MA 02481
                                         Telephone: (781) 431-2231
                                         Facsimile: (781) 431-8726
                                         thess-mahan@hutchingsbarsamian.com

                                         *Counsel for Plaintiff Fred McClure*

Dated: March 11, 2014

O'CONNOR CARNATHAN AND MACK, LLC

/s/ Sean T. Carnathan

SEAN T. CARNATHAN (#636889)
SHARLEEN J. DAVIS (#661601)
1 Van De Graaff Drive, Suite 104
Burlington, MA 01803
Telephone:  (781) 359-9000
Facsimile:  (781) 359-9001
scarnathan@ocmlaw.net
sdavis@ocmlaw.net

James N. Benedict (*pro hac vice*)
Sean M. Murphy (*pro hac vice*)
MILBANK, TWEED, HADLEY & McCLOY
LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
jbenedict@milbank.com
smurphy@milbank.com

*Counsel for Defendant Russell Investment
Management Company*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 11, 2014                          /s/ Stephen J. Oddo
                                                                STEPHEN J. ODDO