UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE RUSSELL INVESTMENT COMPANY   )   Lead C.A. No. 1:13-cv-12631-LTS
SHAREHOLDER LITIGATION             )
                                   )   (Consolidated with No. 1:14-cv-14358-LTS)
                                   )

**STIPULATION AND [PROPOSED] ORDER EXTENDING DISCOVERY DEADLINES**

Plaintiff Fred McClure ("Plaintiff"), defendant Russell Investment Management Company ("RIMCo"), and defendant Russell Fund Services Company ("RFSC") ("Defendants" and, collectively with Plaintiff, the "Parties"), through their undersigned counsel, hereby respectfully submit the Stipulation and [Proposed] Order Extending Discovery Deadlines (the "Stipulation").

WHEREAS, on October 17, 2013, Plaintiff filed an action against defendant RIMCo captioned *McClure v. Russell Investment Management Company*, Case No. 1:13-cv-12631-LTS (D. Mass.) ("*McClure I*");

WHEREAS, on December 8, 2014, Plaintiff filed a related action against Defendants RIMCo and RFSC captioned *McClure v. Russell Investment Management Company, et al.*, Case No. 1:14-cv-14358-LTS (D. Mass.) ("*McClure II*");

WHEREAS, on January 1, 2015, the Parties filed a Stipulation and [Proposed] Order Extending Discovery Deadlines (Document 60) in which the Parties stipulated and agreed to, among other things, extend the fact discovery deadline by five months (from December 31, 2014 to June 1, 2015) in *McClure I*;

WHEREAS, on January 8, 2015, the Court entered the Amended Scheduling Order (Document 63), which set June 1, 2015 as the amended fact discovery deadline and set various other case-related deadlines in *McClure I*;

- 2 -

WHEREAS, on March 10, 2015, the Court granted the Parties' Joint Motion Regarding Consolidation, which requested that *McClure I* and *McClure II* be consolidated and that the consolidated action proceed on the schedule set forth in the Amended Scheduling Order in *McClure I* (Document 63);

WHEREAS, Plaintiff has taken substantial discovery, including review of many thousands of pages of documents and electronically stored materials and information ("ESI"), depositions of eleven employees and/or representatives of Defendants or their affiliates, and one non-party deposition;

WHEREAS, the Parties have met and conferred numerous times regarding the fact discovery that remains to be completed and ways to limit the scope and duration of such discovery;

WHEREAS, Plaintiff believes that the remaining fact discovery Plaintiff has requested could not reasonably be completed by June 1, 2015;

WHEREAS, the parties agree that, in the event Plaintiff prevails on his claims in *McClure I* and *McClure II*, Section 36(b) permits recovery of damages for the period from October 17, 2012 through December 8, 2014, but disagree whether the statute permits recovery of damages for any period after December 8, 2014; and

WHEREAS, subject to the Court's approval, having met and conferred regarding the outstanding schedule for discovery, the Parties have reached an agreement as to the schedule and other discovery-related issues.

NOW, THEREFORE, it is hereby STIPULATED and AGREED by and between the undersigned that:

1. The deadline for fact discovery and all subsequent deadlines shall be extended by thirty (30) days, resulting in the following schedule:

    a. Fact discovery (other than expert) to be completed by July 1, 2015;

    b. Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by August 31, 2015;

    c. Defendants' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by November 2, 2015;

    d. Plaintiff's rebuttal expert reports are due by December 2, 2015;

    e. All experts to be deposed by February 3, 2016;

    f. Dispositive motions due by March 2, 2016;

    g. Oppositions to dispositive motions due by March 31, 2016;

    h. Replies to oppositions to dispositive motions due by May 2, 2016;

    i. Final pretrial conference set for August 31, 2016; and

    j. Trial set for September 14, 2016.

2. Plaintiff shall be permitted to take a total of seventeen (17) depositions of seven (7) hours on the record, with the option of splitting one of the depositions into two (2) depositions of three and one-half (3.5) hours each on the record.

3. In the event Plaintiff or Defendants choose to offer or otherwise rely upon at trial or any dispositive motion in this litigation the testimony of any individual not previously deposed, the other Party or Parties shall have the opportunity to depose such person notwithstanding the limit on the number of depositions set forth in paragraph 2.

4. Neither party shall use documents or testimony concerning the Russell Funds' Board of Trustees' 15(c) process or Board meetings for the period from January 1, 2015 forward

for any purpose in *McClure I* or *McClure II*, including, but not limited to, any expert report, dispositive motion, or at trial, and Defendants shall not be required to produce in *McClure I* or *McClure II* any additional documents relating to the 15(c) process or Board meetings for the period from January 1, 2015 forward.

5. In the event Plaintiff files an action seeking damages for any period after December 8, 2014, the parties shall meet and confer in good faith regarding discovery in such action, including any documents or testimony relating to the 15(c) process or Board meetings for the period from January 1, 2015 forward.

6. This Stipulation shall not be deemed a waiver of any other claims or defenses any party may have in *McClure I* and *McClure II*, and each party expressly preserves its respective arguments regarding the appropriate damages period in *McClure I* and *McClure II*.

7. Except by stipulation of the parties or court order, there shall be no further extensions of the fact discovery deadline.

STIPULATED AND AGREED TO BY:

Dated: June 11, 2015                                         ROBBINS ARROYO LLP

/s/ Edward B. Gerard
BRIAN J. ROBBINS
STEPHEN J. ODDO (*pro hac vice*)
EDWARD B. GERARD (*pro hac vice*)
JUSTIN D. RIEGER (*pro hac vice*)
DANIEL L. SACHS (*pro hac vice*)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsarroyo.com
soddo@robbinsarroyo.com
egerard@robbinsarroyo.com
jrieger@robbinsarroyo.com
dsachs@robbinsarroyo.com

HUTCHINGS, BARSAMIAN,

    MANDELCORN & ZEYTOONIAN, LLP
THEODORE M. HESS-MAHAN (#557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

ZWERLING, SCHACHTER &
  ZWERLING, LLP
JEFFREY C. ZWERLING (*pro hac vice*)
ROBIN F. ZWERLING (*pro hac vice*)
SUSAN SALVETTI (*pro hac vice*)
ANDREW W. ROBERTSON (*pro hac vice*)
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
jzwerling@zsz.com
rzwerling@zsz.com
ssalvetti@zsz.com
arobertson@zsz.com

*Attorneys for Plaintiff*

Dated: June 11, 2015    MILBANK, TWEED, HADLEY & MCCLOY LLP

/s/ Andrea G. Hood
-------------------
JAMES N. BENEDICT (*pro hac vice*)
SEAN M. MURPHY (*pro hac vice*)
ANDREA G. HOOD (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
jbenedict@milbank.com
smurphy@milbank.com
ahood@milbank.com

O'CONNOR CARNATHAN AND MACK, LLC
THOMAS N. O'CONNOR
SEAN T. CARNATHAN (#636889)
1 Van De Graaff Drive, Suite 104
Burlington, MA 01803
Telephone:  (781) 359-9000
Facsimile:  (781) 359-9001
toconnor@ocmlaw.net

scarnathan@ocmlaw.net

MILBANK, TWEED, HADLEY & MCCLOY LLP
ROBERT J. LIUBICIC (*pro hac vice*)
601 South Figueroa Street
30th Floor
Los Angeles, CA 90017
Telephone:  (213) 892-4000
Facsimile:  (213) 629-5063
rliubicic@milbank.com

*Attorneys for Defendants Russell Investment Management Company and Russell Fund Services Company*

IT IS SO ORDERED.

DATED:

                HONORABLE LEO T. SOROKIN
                UNITED STATES DISTRICT JUDGE

1029918

- 7 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2015 this document was filed through the Court's CM/ECF system and will be sent electronically to the registered participants identified in the Notice of Electronic Filing (NEF).

/s/ Edward B. Gerard
EDWARD B. GERARD (*pro hac vice*)