UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                  )
                                                  )
IN RE RUSSELL INVESTMENT                          )
COMPANY SHAREHOLDER                               )          Civil Action No. 13-12631-LTS
LITIGATION                                        )
                                                  )
_____)

ORDER SETTING CASE FOR TRIAL

June 19, 2015

SOROKIN, J.

It is ORDERED that the trial of the above-entitled action will commence with jury

empanelment on **Monday, September 19, 2016 at 9:00 A.M.** in Courtroom 13 on the fifth floor.

Opening statements and presentation of evidence will follow immediately thereafter.  The trial

will continue from day-to-day until completed.

1.       Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.5, it is further ORDERED that

counsel shall appear for a Final Pretrial Conference on **Thursday, September 15, 2016 at 3:00**

**P.M.** in Courtroom 13 on the fifth floor.

2.       In preparation for the Final Pretrial Conference, it is ORDERED that the Parties

disclose to one another in accordance with Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C), by

no later than the close of business on **August 22, 2016**:

    a.       All photographs, documents, instruments and other objects either party intends to
offer as exhibits at trial, other than solely for impeachment;

    b.       The names, addresses and telephone numbers of witnesses each party intends to
call at trial, including expert witnesses; and

  c.  The names of witnesses, if any, whose testimony is to be presented by means of deposition and a transcript of the pertinent portions of the deposition testimony.

  3.  Following the disclosures made pursuant to the previous paragraph, the Parties shall serve upon one another, by no later than the close of business on **August 29, 2016**, a list describing any objections thereto and the grounds therefor.  As per Local Rule 16.5(C), these objections shall be one of the subjects of the pre-Final Pretrial Conference meeting (see ¶ 4, infra) and if not resolved, shall be presented to the Court in the Parties' trial briefs.  Objections not so disclosed, other than objections pursuant to Rules 402 and 403 under the Federal Rules of Evidence, are waived according to Fed. R. Civ. P. 26(a)(3), unless excused by the Court for good cause.

  4.  In further preparation for the Final Pretrial Conference, it is ORDERED pursuant to Local Rule 16.5(D) that the parties meet personally on or before **September 6, 2016**, to discuss and negotiate settlement of the action, to narrow the issues to be tried, and to prepare a joint pretrial memorandum as described below.

  5.  The Parties shall prepare and file no later than **September 12, 2016, a Joint Pretrial Memorandum** which sets forth the following issues pursuant to Local Rule 16.5(D):

  a.  A concise summary of the evidence which will be offered by the Plaintiff and the Defendant with respect to both liability and damages (including special damages, if any);

  b.  A statement of facts established by the pleadings, by admissions, or by stipulations;

  c.  Any factual issues in dispute;

  d.  Any jurisdictional questions;

  e.  Any questions raised by pending motions;

f.      Issues of law, including evidentiary questions, together with supporting authority;

g.      Any requested amendments to the pleadings;

h.      Any additional matters to aid in the disposition of the action;

i.      The probable length of the trial;

j.      The names of all witnesses to be called, the purpose of the testimony of each witness (i.e. factual, expert, etc.), and whether the testimony of any such witness is to be presented by deposition.  Unless the qualifications of any expert witness are stipulated, a statement of the qualifications shall be included;

k.      Utilizing disclosures made pursuant to Sections 2 and 3, above, counsel shall include in their memorandum a 'List of Uncontested Exhibits" (photographs, documents, instruments, and all other objects as to which there appear to be no objections), in order of their anticipated introduction to the Court, identified and marked by a single sequence of numbers regardless of which party is the proponent;

l.      Utilizing disclosures made pursuant to Sections 2 and 3, above, counsel shall include in their memorandum a "List of Exhibits to be Offered at Trial" of exhibits to which any party reserves the right to object, identified and marked by a single sequence of capital letters regardless of which party is the proponent; and,

m.      The parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C), as well as any deposition testimony being offered.

6.      Each party shall prepare and file no later than **September 12, 2016, a Trial Brief** pursuant to Local Rule 16.5(F) which sets forth the following:

a.      Motions in limine or other requests regarding foreseeable disputes concerning evidentiary issues, including authority for the ruling requested.

b.      In cases to be tried by a jury:

    i.      A succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during empanelment;

3

       ii.       Any proposed questions for the voir dire examination of the jury;

      iii.      Requests for instructions to the jury, with citation to supporting authority; and

      iv.      Any proposed interrogatories or special verdict form.

    c.      In nonjury cases, proposed findings of fact and requested rulings of law.

7.      Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys in the case have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order, and shall file a copy of the writing with the Clerk.

8.      The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court.  The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, limiting dates of birth to the year, and limiting home addresses to city and state. If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.  If a restricted item is mentioned in court, you have waived any right to have it stricken or redacted thereafter.

9.      Counsel are cautioned that failure to comply fully with this Order may result in sanctions to be imposed by the Court.  The timely filing of these trial documents is required.

                       /s/ Leo T. Sorokin
                      Leo T. Sorokin
                      United States District Judge